IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SHAWRON L. LOUNDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-1144-CM-KGS |
| | ) | |
| SPHERION STAFFING LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Title VII of the Civil Rights Act of 1964, as amended, prohibits an employer from discriminating against an employee on the basis of pregnancy. 42 U.S.C. §§ 2000e(k) and 2000e-2. The Tenth Circuit recognizes that two entities may be considered "joint employers" for the purposes of Title VII where both entities exercise control over the same employees. Defendant CCH Incorporated moves to dismiss plaintiff's Title VII pregnancy discrimination claim because plaintiff does not allege that CCH was her employer. But plaintiff's first amended complaint includes sufficient facts to demonstrate that CCH might have been plaintiff's joint employer. Accordingly, CCH's motion to dismiss is denied.

**I.     Legal Standards**

A Rule 12(b)(6) motion challenges the sufficiency of a complaint. To survive a motion brought under this rule, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering a motion under this rule, the court will accept as true all well-pleaded factual allegations and view them in the light most favorable to the plaintiff. *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007).

**II.     Analysis**

    **a.  The Court Grants CCH's Motion To Withdraw Its Motion To Dismiss Plaintiff's Original Complaint**

As an initial matter, CCH filed a motion to dismiss plaintiff's original complaint on July 1, 2011 (Doc. 13).  Before the court ruled on that motion, plaintiff filed her first amended complaint.  Because plaintiff's first amended complaint renders CCH's original motion to dismiss moot, CCH moved this court to withdraw that motion to dismiss.  Accordingly, the court grants defendant's motion to withdraw (Doc. 22) and notes that CCH's motion to dismiss plaintiff's original complaint (Doc. 13) is moot.

    **b.  Plaintiff Fails To Allege That CCH Is Her Employer**

Title VII prohibits an employer from discriminating against an employee on the basis of pregnancy.  42 U.S.C. §§ 2000e(k) and 2000e-2.  In situations where there is more than one alleged employer, the Tenth Circuit uses the single-employer test and the joint-employer test.  *Bristol v. Bd. of Cnty. Comm'rs of the Cnty. of Clear Creek*, 312 F.3d 1213, 1218 (10th Cir. 2002).  The single-employer test asks whether "a plaintiff who is the employee of one entity may seek to hold another entity liable by arguing that the two entities effectively constitute a single employer."  *Id.*  The joint-employer test acknowledges that the two entities are separate but looks to "whether they co-determine the essential terms and conditions of employment."  *Id.* at 1218; *see also Hurde v. Jobs Plus-Med*, 299 F. Supp. 2d 1196, 1209 (D. Kan. 2004) ("An independent entity with sufficient control over the terms and conditions of the employment of a worker formally employed by another is a joint employer within the scope of Title VII.").

Plaintiff's first amended complaint states that plaintiff was an employee of Spherion Staffing L.L.C. and that she "work[ed] on assignment with CCH as an Individual Tax Customer Support Representative beginning November 30, 2009." (Doc. 16 at 2.)  Plaintiff's first amended complaint

-2-

does not expressly allege that plaintiff was employed by CCH.  But her first amended complaint does include facts sufficient to demonstrate that CCH might have been plaintiff's joint employer.  Specifically, her complaint alleges that she attended CCH training, that she informed CCH when she would miss work, that CCH administered a training test, and that CCH terminated her employment.  *See, e.g.*, *Abdallah v. Allegheny Valley Sch.*, No. 10-5054, 2011 U.S. Dist. LEXIS 10667, at *8–9 (E.D. Pa. Feb. 1, 2011) (denying motion to dismiss because complaint sufficiently alleged that defendant school and defendant staffing agency were joint employers).  Based on these allegations, plaintiff has stated a plausible joint employment claim.  Accordingly, plaintiff cleared—although very narrowly—the hurdle established by Rule 12(b)(6).

In its motion, CCH relies on a relatively recent opinion by Judge Mary Murguia in the District of Arizona.  *See Andermann v. Wolters Kluwer*, No. 10-383, 2010 U.S. Dist. LEXIS 101002 (D. Ariz. Sept. 23, 2010).  But the plaintiff in *Andermann* admitted in her complaint that she was an independent contractor.  *Id.* at *6–7 (dismissing plaintiff's Title VII claims against a defendant because plaintiff's complaint states that "she was 'a Contractor on site for Wolters Kluwer'").  And independent contractors are not protected by Title VII.  *See, Xie v. Univ. of Utah*, 243 F. App'x 367, 372 (10th Cir. 2007) ("[T]he Title VII provision that extends the statutory protections to employees but not independent contractors is set forth in the definitional section of the statute.").  Here, plaintiff's first amended complaint does not include a similar admission.  Therefore, *Andermann* is distinguishable.

**IT IS THEREFORE ORDERED** that Defendant CCH's Motion to Withdraw Its Motion to Dismiss Plaintiff's Original Complaint (Doc. 22) is granted and the Motion to Dismiss (Doc. 13) is moot.

**IT IS FURTHER ORDERED** that Defendant CCH's Motion to Dismiss (Doc. 24) is denied.

Dated at this 2nd day of December, 2011, at Kansas City, Kansas.

                                                   s/ Carlos Murguia
                                                   **CARLOS MURGUIA**
                                                   United States District Judge